UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Petitioner,                                                              Misc. No.

v.

MICHIGAN PHYSICIANS GROUP, P.C.,

Respondent.
_____/

**THE UNITED STATES' PETITION AND MEMORANDUM IN SUPPORT OF PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND**

The United States of America respectfully petitions this Court to enforce Civil Investigative Demand No. 19-252 (attached as Exhibit 1), which the United States issued to Michigan Physicians Group, P.C. ("MPG"). The Civil Investigative Demand ("CID") seeks documents as part of an ongoing investigation into whether MPG knowingly submitted, or caused to be submitted, false claims to federal healthcare programs for medical tests and services that were not reasonable and necessary or not performed, in violation of the False Claims Act ("FCA"). 31 U.S.C. § 3729 *et seq.*

As set forth more fully below, because the documents are responsive to a properly issued CID and relevant to the United States' investigation, this Court should order MPG to comply with the CID and produce all documents responsive

1

to it.

**I.     Background**

    A.     False Claims Act Investigations

The False Claims Act is the government's primary tool to recover losses resulting from fraud. *Avco Corp. v. U.S. Dep't of Justice*, 884 F.2d 621, 622 (D.C. Cir. 1989). The FCA imposes statutory damages and civil penalties for knowingly submitting, or causing to be submitted, false or fraudulent claims for payment or approval to the government. 31 U.S.C. § 3729(a)(1)(A). The Department of Justice and the United States Attorney's Offices are responsible for investigating violations of the FCA. 31 U.S.C. § 3730(a).

One of the investigative tools used by the government includes the issuance of Civil Investigative Demands. Section 3733 of the FCA empowers the Attorney General or a designee, "before commencing a civil proceeding under § 3730(a) or other false claims law," to issue a CID upon any person or entity who may be in possession, custody, or control of information "relevant to a false claims act investigation." 31 U.S.C. § 3733(a)(1). The recipient must then produce that information in the form of documents, answers to written interrogatories, or oral testimony. *Id.*

    B.     Investigation of MPG

The government has been conducting an FCA investigation, within the

meaning of 31 U.S.C. § 3733, concerning allegations that MPG billed federal healthcare programs, including the Medicare Program, Title XVIII of the Social Security Act, 42 U.S.C. §§1395-1395 ("Medicare") and TRICARE, 10 U.S.C. §§ 1071-1110b for, among other things, services that were not reasonable and necessary or were not performed. MPG is a multispecialty medical clinic operating medical practices at several sites. MPG provides services to patients in various practice areas, such as internal medicine, neurology, and cardiology, and conducts a wide array of diagnostic tests within its offices. The sole owner of MPG is cardiologist Dinesh Shah, M.D. Both MPG and Dr. Shah have entered into provider agreements with the Medicare program and have billed Medicare for services ostensibly provided to federal health care program beneficiaries. Medicare providers, such as MPG, are required to create and maintain records relating to their provision of services billed to federal health care programs.

As part of the government's ongoing investigation, on September 5, 2019, the United States served MPG, through counsel, with CID No. 19-252, (Exhibit 1), which seeks information relevant to a pending false claims investigation by the United States. Specifically, the CID requests the following documents:

1.     Patient medical files and records of specified Medicare beneficiaries (listed on Attachments A-C by patient name);[1]

---

[1] The Medicare beneficiaries listed in Attachments A-C were identified by expert statisticians to represent a statistically valid sample of Medicare beneficiaries, the analysis of which will be used to extrapolate across the full population of relevant

3

  2. billing documents for the Medicare beneficiaries identified on Attachments A-C;

  3. electronically stored information regarding the Medicare beneficiaries identified on Attachments A-C;

  4. documents that identify and describe MPG's computer system software used for handling information related to services rendered to patients; and

  5. computer system manuals or other documents relating to MPG's computer system software and databases concerning services rendered to patients.

 Counsel for MPG accepted service of the CID on September 5, 2019. The parties entered into discussions regarding the production of the documents, and on September 12, 2019, the United States agreed to a rolling production wherein the first 30 patient records for Attachments A and B were to be produced in thirty days. Before making the first production, MPG requested an extension of time to pursue settlement discussions, and the United States agreed to an extension to November 7, 2019, for the parties to pursue settlement discussions. A further extension was later provided through December 15, 2019. On December 16, 2019, MPG provided a one-patient exemplar of the format in which its electronic discovery vendor wished to produce the medical records for review. The United States reviewed and rejected this format because it did not include, among other

---

Medicare and TRICARE beneficiaries.

4

things, the metadata underlying the electronic records. The United States agreed to extend the first rolling production deadline to January 22, 2020, at which time the first 30 records listed on Attachments A and B, and a response to Request No. 5 were to be produced. Thereafter, the United States provided MPG with a final extension until February 11, 2020, for the first rolling production, with the balance of the production to be produced on March 11, 2020.

In lieu of producing the documents at that time, MPG agreed to the settlement demand of the United States, which was based on an analysis of MPG's financial ability to pay. Despite having reached an agreement in principle earlier this year, the parties to date have been unsuccessful in finalizing the proposed settlement. In the absence of a completed settlement, the United States renewed its request for the documents MPG is required to produce under the CID, and advised MPG that its first rolling production would be due on November 10, 2020. As of the filing date of this petition, MPG has not yet produced the requested documents.

In summary, other than the production of one patient file, produced in a noncompliant format, MPG has not yet produced any documents responsive to CID No. 19-252, and settlement discussions have failed to progress to a final settlement. Accordingly, in an effort to move its investigation toward completion, the United States seeks enforcement of the CID, to compel MPG to provide its long overdue production of responsive documents.

## II.     Argument

The FCA expressly allows for the enforcement of a CID by a federal district court whenever any person fails to comply with the requirements set forth in the CID. 31 U.S.C. § 3733(j).[2] A CID issued under § 3733 is an administrative subpoena and may be enforced like any other administrative subpoena. *United States v. Markwood,* 48 F.3d 969, 975-76 (6th Cir. 1995). As an administrative agency, DOJ's "authority to request records and undertake other investigatory functions is extremely broad[.]" *Santa Fe Energy Prods. Co. v McCutcheon*, 90 F.3d 409, 414 (10th Cir. 1996). Conversely, the district court's role in evaluating an enforcement request is "strictly limited." *United States v. Custodian of Records, Sw Fertility Ctr.*, 743 F. Supp. 783, 787 (W.D. Okla. 1990).

In determining whether to grant a petition for enforcement, a district court's first task is to decide whether the agency has met the statutory requirements pertaining to the issuance and enforcement of the subpoena. *Markwood* at 977. Next, the court must consider whether the agency has satisfied or complied with the judicially-created standards for enforcement of the subpoena. *Id*. Those are, whether the information sought was relevant,

---

[2] The FCA instructs the government to file an enforcement petition in the district court of the United States for any judicial district in which such person resides, is found, or transacts business. This Court is the proper venue for this CID enforcement petition, as MPG does business in the Eastern District of Michigan.

whether it was already in the possession of the government, and whether the Court's process would be abused by the enforcement of the CID. *Id.* If the court determines that the government has made a *prima facie* showing that enforcement is proper based on these requirements, the court may order the respondent to show cause as to why the petition should not be granted. *Id.* at 974; *United States v. Csotty,* No. 04-73862, 2007 WL 627872, at *2 (E.D. Mich. Feb. 26, 2007); *FTC v. American Buyers Network, Inc.,* No. 91-B-1158, 1991 WL 214163, at *1 (D. Colo. Aug. 19, 1991); *Marshall v. Amalgamated Ins. Agency Servs., Inc.,* 523 F. Supp. 231, 233 (N.D. Ill. 1981). If the respondent fails to establish that the court should deny the petition, the court may grant the government's petition and enforce the CID. *See Markwood,* 48 F.3d at 974; *United States v. Seitz,* No. MS2-93-063, 1993 WL 501817, at *1, 12 (S.D. Ohio Aug. 26, 1993).

If the respondent fails to comply with the court order enforcing the CID, the court may sanction the respondent and hold the respondent in civil contempt. *See Donovan v. Spadea,* 757 F.2d 74, 76-78 (3d Cir. 1985); *United States ex rel. Scutellaro v. Capitol Supply, Inc.,* No. 10-1094, 2017 WL 1422364, at* 1 (D.D.C. Apr. 19, 2017); *FTC v. Dinamica Financiera LLC ,* No. CV 08-04649, 2008 WL 11342612, at *5 (C.D. Cal. Sept. 22, 2008).

7

    A.    <u>CID No. 19-252 Was Properly Issued</u>

The rules governing the CID are set forth in 31 U.S.C. § 3733, which authorizes the Attorney General or designee to issue a CID before commencing a civil proceeding or deciding whether to intervene in a relator's *qui tam* action. 31 U.S.C. § 3733(a)(1). The Attorney General issued Order No. 3134-2010, which delegated the authority to issue CIDs to United States Attorneys. The United States Attorney for the Eastern District of Michigan delegated his authority to Assistant United States Attorneys assigned to the Civil Affirmative Section of the United States Attorney's Office of the Eastern District of Michigan.

Here, CID No. 19-252 was properly issued by an Assistant United States Attorney for the Eastern District of Michigan. Moreover, CID No. 19-252 was properly issued in accordance with the delegation authority prescribed by the United States Attorney General.

In accordance with the requirements found in the CID provisions of the FCA, CID No. 19-252 sufficiently prescribes a date, time, and place for MPG's production of records. Specifically, CID No. 19-252 states that the documents shall be produced no later than 30 days from receipt of the demand, at the Office of the United States Attorney for the Eastern District of Michigan, 211 W. Fort Street, Suite 2001, Detroit, Michigan 48226, or at such other location

as may be agreed upon by the respondent to the CID and the False Claims Act Custodian. *See* Exhibit 1, page 1.

In addition, the investigation by the USAO regarding alleged fraud or false claims in connection with federal program billings for, among other things, services that were not reasonable and necessary or were not performed, is squarely within the USAO's authority. In fact, the government has a duty to diligently investigate allegations of false or fraudulent claims for payment submitted to the government. *See, e.g.,* 31 U.S.C. § 3730. In this regard, the FCA expressly allows the Attorney General or his/her designee to issue CIDs to investigate potential violations of the FCA. 31 U.S.C. § 3733(a)(l). If MPG made false claims or statements to federal health care programs regarding services that were not reasonable and necessary, or that were not performed at all, thereby inducing the United States to pay those claims, its actions may constitute violations of the FCA. *See* 31 U.S.C. § 3729(a)(l ). Accordingly, this investigation is within the authority of the government.

    B.    <u>CID No. 19-252 Seeks Information Reasonably Relevant to the Agency's Inquiry</u>

Information sought by a CID must be reasonably relevant to an agency's investigation. *SEC v. Blackfoot Bituminous, Inc.,* 622 F.2d 512, 514 (10th Cir. 1980). Relevance is broadly interpreted in the context of enforcing

administrative subpoenas. *Texaco, Inc.,* 555 F.2d at 872; *see also Santa Fe Energy Products Co.,* 90 F.3d at 414 ("[A]n administrative agency's authority to request records and undertake other investigatory functions is extremely broad."). So long as the material requested "touches 'a matter under investigation,' it will survive a relevancy challenge." *Enterra Energy, LLC v. SEC,* No. 08- mc-00011, 2008 WL 802999, at *3 (N.D. Okla. March 21, 2008) (quoting *EEOC v. Elrod,* 674 F.2d 601, 613 (7th Cir. 1982)). The agency's appraisal of relevancy must be accepted "as long as it is not obviously wrong." *FTC v. Invention Submission Corp.,* 965 F.2d 1086, 1089 (D.C. Cir. 1992) (citations omitted).

The first three requests set forth in CID No. 19-252 seek documentation regarding specific Medicare beneficiaries. These patients were identified by expert statisticians to be representative of the population of MPG Medicare patients. Responses to the requests will provide information relevant to the government's investigation, in that the patient-specific information is needed for the government's retained expert to conduct an expert review regarding the medical necessity of certain testing that was performed.

The last two requests set forth in CID No. 19-252 seek documents relating to MPG's computer system software regarding services rendered to

patients, and manuals related to that software. The requests seek information relevant to the investigation, in that the responsive information will identify the billing systems and software used by MPG to bill federal healthcare programs and provide the information necessary to understand the content and context of the medical information provided in response to the first three requests. All of this information collectively will assist in the government's evaluation of whether MPG submitted, or caused to be submitted, to Medicare and TRICARE false claims for payment in violation of the FCA. *See* 31 U.S.C. § 3729(a)(l).

### C. CID No. 19-252 Seeks Information That is Not in the Possession of the Government

CID No. 19-252 seeks the production of documents that were either created or effective during the time period of January 2006 through the date of the issuance of the CID, September 5, 2019. Although the United States may have in its possession some earlier portions of medical records for a few of the Medicare beneficiaries whose files were requested in Exhibit A and Exhibit B of CID No. 19-252,[3] the United States is not in possession of the complete files

---

[3] In the context of a criminal investigation, the United States obtained certain patient files through a search warrant executed in 2011. In addition, in 2012, the United States sought electronic files for certain Medicare beneficiaries in CID No. 12-102. The government thus has in its possession certain early portions of patient charts of a small number of the Medicare beneficiaries listed in Exhibits A-C.

for these listed Medicare beneficiaries for the subject time period.

MPG's production on December 17, 2019, of one patient chart in response to Request No. 1 of CID No. 19-252 is wholly insufficient. That patient chart was provided to the government to ascertain whether the proposed production format would be acceptable to the government. The government informed MPG that the format did not comply with the instructions accompanying the CID and that the proposed format was missing key components of the patient's complete medical record. MPG failed to produce any additional records thereafter.

The government's investigation requires an expert medical review and analysis of each identified Medicare beneficiary's complete medical record for the entire period of inquiry. This review and analysis is necessary to make specific determinations regarding whether MPG failed to provide certain services or whether it provided services that were not medically reasonable and necessary. The outcome of this review and analysis will confirm whether and to what extent MPG submitted to the Medicare and Tricare programs false claims for payment, in violation of the False Claims Act. As referenced above, for the period of inquiry, the government is not in possession of the complete medical records for any of the Medicare beneficiaries listed in CID No. 19-

252.

    D.    <u>The Court's Process Is Not Abused by Enforcement of the CID</u>

As explained above and reflected in the CID itself, CID No. 19-252 was properly issued and is neither indefinite nor unduly burdensome. A subpoena is sufficiently definite when "[a]ll of the categories of information are sufficiently specific to enable" the recipient of the subpoena "to understand what information the [agency] seeks." *Perez v. Alegria,* No. 15-mc-401-SAC, 2015 WL 4744487, at *3 (D. Kansas June 24, 2015). Here, the CID seeks particularized documentation on: (1) discrete lists of patients, and (2) the computer systems and software used by MPG. The CID also clearly identifies the FCA as the law alleged to have been violated. *Id.* Therefore, the CID is not indefinite.

With respect to whether the CID is unduly burdensome, "[s]ome burden on subpoenaed parties is to be expected and is necessary in furtherance of the agency's legitimate inquiry and the public interest." *Texaco, Inc.,* 555 F.2d at 882. Thus, "courts have refused to modify investigative subpoenas unless compliance threatens to unduly disrupt or seriously hinder normal operations of a business." *Id.*

Here, MPG cannot refuse compliance by merely alleging undue burden.

Indeed, the government has attempted to ease any burden by consistently demonstrating its willingness to accept a rolling production of records under reasonable time constraints. In response, MPG has failed to avail itself of those production terms, and to date, has failed to produce any responsive documents, save one sample medical record that was produced in a noncompliant format. Given the discrete scope of the CID, as well as the government's attempts to ease any burden on MPG, it is clear the CID is not unduly burdensome.

Finally, the government submits that it has exhausted efforts to obtain MPG's CID responses without judicial intervention. As explained above, the government previously proposed production terms to MPG that allowed for a rolling production over a period of months. When the parties commenced settlement discussions, the government, in good faith, refrained from pursuing MPG's production responses during certain discrete periods of those discussions. When settlement discussions did not culminate in a signed settlement, the government requested that the document production under CID No. 19-252 proceed simultaneously with any further settlement discussions, so that the government's investigative progress would not be impeded. To date, MPG has failed to produce the documents requested under the CID and has been unresponsive to the government's continued requests regarding MPG's

compliance.

Based on the foregoing, the United States submits that it has met the relevant legal requirements for enforcement of CID No. 19-252. Accordingly, the United States requests that the Court enforce CID No. 19-252 consistent with the prayer for relief set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner United States of America respectfully requests that this Court:

1. Order MPG to show cause why it should not comply with CID No. 19-252;

2. Order MPG to file and serve a written response to this Petition within 7 days of service of this Court's Order and the United States' Petition and Memorandum In Support of Petition To Enforce CID No. 19-252 Against MPG; and

3. Order MPG to produce documents requested in CID No. 19-252 in the format described therein at the United States Attorney's Office for the Eastern District of Michigan, 211 W. Fort Street, Detroit, Michigan 48226, within five (5) days of the issuance of an Order to enforce compliance with CID No. 19-252.

Respectfully submitted,
MATTHEW SCHNEIDER
United States Attorney

*/s/Leslie Matuja Wizner*
LESLIE MATUJA WIZNER (P42081)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
leslie.wizner@usdoj.gov
(313) 226-9766
Fax: (313) 226-3800

*/s/Lynn M. Dodge*
LYNN M. DODGE (P38136)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
lynn.dodge@usdoj.gov
(313) 226-0205
Fax: (313) 226-3800